IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| BALDWIN TOWER, | ) |
| Plaintiff, | ) 2:19-CV-00134-CRE |
| vs. | ) |
| WILLIAM JAMES ACKERMAN, | ) |
| Defendant, | ) |

**MEMORANDUM AND ORDER**

The notice of removal filed by Defendant William James Ackerman has been received without a filing fee or the forms required to proceed in forma pauperis. 28 U.S.C.A. § 1914. This action may not proceed unless the Defendant either,

(1) tenders to the "Clerk, U.S. District Court" the statutory filing fee in the amount of $350.00, plus a $50.00 administrative fee, for a total of $400.00[1] or,

(2) files a properly completed application to proceed in forma pauperis, including "an affidavit that includes a statement of all assets such Defendant possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

For the foregoing reasons, Defendant's papers are not being processed any further. You have the right to submit any required paperwork which will make your paperwork in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court. When you have met all the requirements to remove your lawsuit, your paperwork will be processed. An application to proceed in forma pauperis is enclosed.

---

[1] As of May 1, 2013, the Judicial Conference of the United States added a $50.00 administrative fee to all civil actions (excluding habeas) filed on or after that date. This fee does not apply to persons granted IFP status. Thus, the filing fee remains $350.00 when a motion to proceed IFP is approved. However, if IFP status is denied, the Plaintiff will be assessed the full $400.00 filing fee.

1

Therefore, IT IS **ORDERED** this 11th day of February, 2019, that the Clerk of Court is to mark this case administratively **CLOSED**.[2]

                                            s/Cynthia Reed Eddy

                                            Cynthia Reed Eddy
                                            Chief United States Magistrate Judge

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely. *See Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).